# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-977V
Filed: February 4, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JENNIFER PEABODY BARR, | * |
| | * |
| Petitioner, | *   Ruling on Entitlement; Concession; |
| | *   Trivalent Influenza or Flu Vaccine; |
| v. | *   Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | *   Administration; SIRVA; Special |
| AND HUMAN SERVICES, | *   Processing Unit |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Sean Lyons, Esq., Nashville, TN for petitioner.*
*Claudia Gangi, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On October 14, 2014, Jennifer Peabody Barr filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury which was caused by the trivalent influenza vaccination she received on December 19, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 4, 2015, respondent filed her Rule 4(c) report in which she concedes "that compensation is appropriate in this case." Respondent's Rule 4(c) Report at 3. Specifically, respondent believes "that the alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA")." *Id.* Respondent further agrees that petitioner's injury lasted for more than six months. *Id.*

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master
