# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-977V
Filed: May 13, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JENNIFER PEABODY BARR, | * |
| | * |
|     Petitioner, | *   Damages Decision Based on Proffer; |
| | *   Trivalent Influenza or Flu Vaccine; |
| | *   Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | *   Administration ("SIRVA"); |
| AND HUMAN SERVICES, | *   Special Processing Unit ("SPU") |
| | * |
|     Respondent. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Sean Lyons, Esq.*, Nashville, TN, for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 14, 2014, Jennifer Peabody Barr filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury which was caused by the trivalent influenza vaccination she received on December 19, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 4, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. On May 13, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded "a lump sum of $65,000.00 for her actual and projected pain and suffering." Proffer at 2. According to respondent's Proffer, petitioner agrees to this proposed amount. *Id.*

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $65,000.00 in the form of a check payable to petitioner, Jennifer Peabody Barr.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

        **s/Denise K. Vowell**
        Denise K. Vowell
        Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER PEABODY BARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 14-977V |
| v. ) | Chief Special Master Vowell |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON DAMAGES**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.   Items of Compensation**

A.   Future Medical Care Expenses

Respondent proffers that based on the evidence of record, Jennifer Peabody Barr ("petitioner") is not entitled to an award for future medical care expenses as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

B.   Lost Earnings

Respondent proffers that based upon the evidence of record, petitioner has not and is not likely to suffer a loss of earnings as a result of her vaccine-related injury as provided under 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C. Pain and Suffering

Respondent proffers that the Court should award petitioner a lump sum of $65,000.00 for her actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursable Expenses

Respondent proffers that based upon the evidence of record, petitioner did not incur any past unreimbursable expenses related to her vaccine-related injury. Petitioner agrees.

E. Attorneys' Fees and Costs

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of $65,000.00 (representing compensation for actual and projected pain and suffering), in the form of a check payable to petitioner. [1]

**III.    Summary of Recommended Payment Following Judgment**

Lump Sum paid to petitioner: **$65,000.00**

---

[1] Should Jennifer Peabody Barr die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division


/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138


Dated:   May 13, 2015